# IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA,       )
                                )
              Plaintiff,        )
                                )
v.                              )       Case No. CR-14-347-D
                                )
RICHARD M. ARNOLD, SR.,         )
a/k/a Rick Arnold,              )
ROBERT W. ARNOLD, and           )
ROBYN R. ARNOLD,                )
                                )
              Defendants.       )

## SUPPLEMENTAL ORDER

The Court entered its Order Correcting Typographical Error in Indictment [Doc. No. 119] on April 30, 2015 and granted the government's Motion to Correct Typographical Error in Indictment [Doc. No. 114]. Subsequent to the entry of the Order, the Court received objections to the government's motion from Defendants Robyn Arnold [Doc. No. 121], Robert W. Arnold [Doc. No. 122] and Richard M. Arnold, Sr. [Doc. No. 128].

The Court now supplements its Order to address Defendants' objections. Defendants contend that the typographical error the government seeks to correct in Count 9 of the Indictment is, instead, a substantive amendment and is constitutionally impermissible. *See, e.g., United States v. Farr*, 536 F.3d 1174, 1184 (10th Cir. 2008) ("[T]he prohibition on constructive amendments [to the indictment] is grounded not just in the Sixth Amendment's notice requirements but also in the grand jury guarantee of the Fifth Amendment.").

The United States Supreme Court has held that "an indictment may not be amended except by submission to the grand jury, unless the change is merely a matter of form." *Russell v. United States*, 369 U.S. 749, 770 (1962). As the Tenth Circuit has recognized, "matters of form" include

amendments to correct a misnomer and amendments to correct typographical errors. *United States v. Janoe*, 720 F.2d 1156, 1160 and n. 8 (10th Cir. 1983). In *Janoe*, the Tenth Circuit cited as examples of permissible amendments to correct typographical errors, changes in the date of the offense. *See id.* at n. 8 *citing,* among other cases, *United States v. Gammill*, 421 F.2d 185 (10th Cir. 1970). In *Gammill*, the Tenth Circuit held that "[a] defective allegation of time is a matter of form if time is not an essential element of the offense and if the indictment charges facts showing that the offense was committed within the period of the statute of limitations." *Id.*, 421 F.2d at 186. *See also United States v. Davis*, 436 F.2d 679, 682-83 (10th Cir. 1971) (accord and further holding that "the time or date an offense is committed is not an essential element of an offense unless the statute makes it so.").

Here, Defendants do not contend that time is an essential element of the offense or provide any other persuasive rationale that the purported amendment of the date in Count 9 is anything but an amendment to correct a typographical error. Moreover, Defendants have shown no prejudice. As fully set forth in the Court's April 30, 2015 order, the amendment merely conforms the date alleged in Count 9 to the remaining charges and specifically, Count 1, ¶ 6M which identifies the correct date as December 9, 2013 rather than December 9, 2014. Accordingly, the Court supplements its April 30, 2015 Order to address the objections, and again finds the amendment is a permissible amendment to correct a typographical error and not a substantive amendment of the Indictment.

IT IS SO ORDERED this __11th__ day of May, 2015.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE