# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CR-14-347-D |
| | ) | |
| RICHARD M. ARNOLD SR., | ) | |
| RICHARD M. ARNOLD II, | ) | |
| ROBERT W. ARNOLD, and | ) | |
| ROBYN R. ARNOLD, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

This matter comes before the Court on the United States' Motion for Amended Orders of Forfeiture [Doc. No. 279]. Defendants Richard Arnold Sr., Robyn Arnold, and Robert W. Arnold have filed their respective responses in opposition [Doc. Nos. 287, 295, 296], and the government has replied [Doc. No. 298]. The matter is fully briefed and at issue.

## BACKGROUND[1]

Defendants were charged by Indictment with conspiracy and wire fraud [Doc. No. 1]. The Indictment included a notice of the government's intent to seek forfeiture from Defendants pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. §

---

[1] The Court assumes the parties' familiarity with the underlying facts of this case. For a more comprehensive summary, the Court refers the parties to its Order of March 22, 2016 addressing restitution [Doc. No. 219].

2461(c). *Id*. at 15.[2] The assets to be forfeited as identified in the Indictment included "a money judgment in an amount equal to the proceeds obtained as a result of the offenses." *Id*. On June 8, 2015, the Court entered preliminary orders of forfeiture, which, among other things, sought imposition of a money judgment in an amount to be determined [Doc. Nos. 109, 174, 175, 176]. Each order included the following provision:

> [T]his Preliminary Order of Forfeiture will be amended under Fed. R. Crim. P. 32.2(e)(1) when the amount of the money judgment has been determined by the Court[.]

*See, e.g.,* Preliminary Order of Forfeiture at ¶ 1 [Doc. No. 109].

Defendant Richard M. Arnold Sr. pled guilty to the offenses of wire fraud and conspiracy to commit wire fraud. Defendant Richard M. Arnold II pled guilty to one count of conspiracy to commit wire fraud; Defendant Robert W. Arnold, who opted to go to trial, was found guilty of conspiracy to commit wire fraud and wire fraud; and Defendant Robyn R. Arnold pled guilty to one count of conspiracy to commit wire fraud. In their petitions to enter guilty pleas, Defendants Richard Arnold Sr., Richard Arnold II, and Robyn Arnold each acknowledged they would be forfeiting property as a result of the plea. *See* Doc. Nos. 79, 152, and 158 at ¶

---

[2] Pursuant to § 2461(c), the government may seek the criminal forfeiture of the proceeds of conspiracy to commit mail fraud and wire fraud if the indictment alleges those offenses.

19(d).[3] On March 24, 2016, the Court entered its Judgments as to Defendants [Doc. Nos. 223, 226, 229, 234] in which the Court reserved its ruling on the amount of restitution. At Defendants' respective sentencings, the government stated its intent to move for a final forfeiture money judgment of a specific amount after the Court issued its ruling on restitution. On May 16, 2016, the Court entered Amended Judgments as to Defendants to include restitution in the amount of $280,075.15 [Doc. Nos. 264, 268, 266, 270].[4] The amended judgments noted Defendants were to forfeit certain property and ordered the United States to submit a proposed final order of forfeiture. *Id*. at 6.

Consistent with its statements at sentencing, the government now moves to amend the preliminary orders of forfeiture to include a money judgment in the amount of $160,136.50. Defendants Richard Arnold Sr. and Robert Arnold object to the motion and argue the Court is without jurisdiction to amend the forfeiture orders after their sentencings and the entries of judgment. Defendant Richard Arnold Sr. also contends a money judgment is improper because any collection would be to the detriment of those to whom restitution is owed. Defendant Robyn

---

[3] Defendant Richard Arnold II's plea petition specifically stated that the nature of the forfeiture would be a "money judgment determined by the Court." *Id*.

[4] The government's plea agreement with Defendant Richard M. Arnold II stipulated that restitution would not exceed $250,000; accordingly, the Court accepted the proportionally reduced restitution amount proposed by the government and fixed the amount of his restitution at $248,813.04. *See* Order of Restitution at 5 (filed under seal) [Doc. No. 263].

Arnold objects to a money judgment on the grounds that (1) a money judgment would relegate the victims to second place; (2) she did not agree to a money judgment in her plea agreement; and (3) a money judgment would have an adverse financial impact, thereby hindering her ability to, among other things, make restitution.

**DISCUSSION**

It is well established that criminal forfeiture is an element of a defendant's sentence following conviction. *United States v. Jones*, 160 F.3d 641, 645 (10th Cir. 1998) (citing *Libretti v. United States*, 516 U.S. 29, 40 (1995)); *see also United States v. Wittig*, 575 F.3d 1085, 1096 (10th Cir. 2009) ("Double jeopardy does not apply to the forfeiture findings because forfeiture is a component of a sentence rather than an offense for which the defendants were tried.") (internal quotation marks omitted)). To effectuate forfeiture, the government must (1) include a forfeiture allegation in the indictment and (2) establish, by a preponderance of the evidence, a nexus between the property for which it is seeking forfeiture and the offense. Fed. R. Crim. P. 32.2. If the government seeks a criminal forfeiture money judgment, it must establish the amount of the money judgment by a preponderance of the evidence, and the court must determine the amount of money the defendant will be ordered to pay. *United States v. Executive Recycling, Inc.*, 953 F.Supp.2d

1138, 1158 (D. Colo. 2013) (citing *United States v. Bader*, 678 F.3d 858, 893 (10th Cir. 2012)).

If the government meets its burden, the court shall enter a preliminary order of forfeiture. Fed. R. Crim. P. 32.2(b)(2). Rule 32.2(b)(4)(A) states that "[a]t sentencing – or at any time before sentencing if the defendant consents – the preliminary forfeiture order becomes final as to the defendant." *Id*. If, however, before sentencing, the court cannot calculate the total amount of the money judgment, the court may enter a forfeiture order that states that the order will be amended under Rule 32.2(e)(1)[5] when the amount of the money judgment has been calculated. Fed. R. Crim. P. 32.2(b)(2)(C)(iii).

As indicated, money judgments may be included as part of criminal forfeiture orders. *United States v. McGinty*, 610 F.3d 1242, 1248-49 (10th Cir. 2010) (Rule 32.2(b) does not preclude a court from entering both a money judgment and forfeiture of specific property); *see also United States v. Day*, 524 F.3d 1361, 1377 (D.C. Cir. 2008). As the First Circuit observed:

> There are two primary reasons for permitting money judgments as part of criminal forfeiture orders. First, criminal forfeiture is a sanction against the individual defendant rather than a judgment against the property itself. Because the sanction follows the defendant

---

[5] Rule 32.2(e)(1) states that "[o]n the government's motion, the court may at any time enter an order of forfeiture or amend an existing order of forfeiture to include property that: (A) is subject to forfeiture under an existing order of forfeiture but was located and identified after that order was entered; or (B) is substitute property that qualifies for forfeiture under an applicable statute."

5

as a part of the penalty, the government need not prove that the defendant actually has the forfeited proceeds in his possession at the time of conviction. Second, permitting a money judgment, as part of a forfeiture order, prevents a [convicted defendant] from ridding himself of his ill-gotten gains to avoid the forfeiture sanction.

*United States v. Hall*, 434 F.3d 42, 59 (1st Cir. 2006) (internal quotation marks, citations omitted).[6] Criminal forfeiture and restitution are separate remedies with different purposes, *McGinty*, 610 F.3d at 1247; thus, ordering both in the same or similar amount does not constitute a double recovery. *Id.*

The Court first addresses Defendants' jurisdictional arguments. Specifically, Defendants contend their sentences became final when the Court issued its judgment and/or amended judgment, thereby depriving it of jurisdiction to impose a money judgment. This objection is overruled. First, Rule 32.2 envisions scenarios such as the present and expressly allows orders of forfeiture to be subject to amendment when the money judgment has been calculated. *See* Fed. R. Crim. P. 32.2(b)(2)(C)(iii). Moreover, even assuming Rule 32.2 lacked such a provision, the Fourth Circuit in *United States v. Martin*, 662 F.3d 301 (4th Cir. 2011) overruled similar objections as those raised here. There, it held the failure to enter an order of forfeiture at sentencing did not deprive the district court of jurisdiction to enter a subsequent order of criminal forfeiture, so long as the court made clear prior to

---

[6] In *Hall*, the defendant was convicted of drug trafficking and money laundering. Nonetheless, the Court finds its policy rationale equally applicable to the financial crimes Defendants were convicted of in the present case.

sentencing that it intended to order forfeiture. *Id.* at 307. Relying on the Supreme Court's decision in *Dolan v. United States*, 560 U.S. 605 (2010), the court found the time period in Rule 32.2 constituted a "time-related directive," considered the "most forgiving" deadline, and such deadlines "keep[] a process moving by creating a deadline 'that is legally enforceable but does not deprive a judge or other public official of the power to take the action to which the deadline applies if the deadline is missed.'" *Martin*, 662 F.3d at 308.

The district court in *Martin* did not reference forfeiture in sentencing the defendants, and it failed to enter a preliminary order of forfeiture until after it entered judgment, and did not enter a final order of forfeiture until months later. Three years later, the court amended the judgments to include the final order of forfeiture. The Fourth Circuit found that, despite the delay, the court retained jurisdiction to amend the judgment. Among other observations, it noted that the defendants were on notice that the court would order restitution, the defendants did not object to the lack of finality as to the forfeiture orders, and the substantive purpose of criminal forfeiture is not to provide protection for defendants but to deprive criminals of the fruits of their illegal acts and deter future crimes. *See id.* at 308-09.

Here, the Indictment filed against Defendants provided notice of the government's intention to seek a money judgment, upon conviction, of a sum of

7

money representing the amount of proceeds obtained as a result of the offenses. The preliminary orders of forfeiture expressly stated they would be amended at a later date when the amount of the money judgment has been determined by the Court. Defendants Richard Arnold Sr., Robert Arnold, and Robyn Arnold acknowledged that their property would be subject to forfeiture. The government, at sentencing, expressed its intent to submit a specific amount for a money judgment upon the Court's restitution ruling. The amended judgments directed the government to submit a proposed final order of forfeiture. Lastly, Defendants, notably, did not object to the lack of finality in the judgments at sentencing. Accordingly, because Rule 32.2 expressly permits subsequent amendment of forfeiture orders to include an exact amount of a money judgment, and because Defendants were indisputably on notice at the time of sentencing that the Court would enter amended forfeiture orders, the Court finds it has the requisite jurisdiction to amend the subject orders of forfeiture to include a money judgment.

Defendants' substantive arguments regarding the propriety of a money judgment are also overruled. In addition to the aforementioned observations regarding forfeiture money judgments, § 2461(c) is mandatory in that it states "[i]f the defendant is convicted of the offense giving rise to the forfeiture, the court *shall* order the forfeiture of the property as part of the sentence in the criminal case[.]" *See* 28 U.S.C. § 2461(c) (emphasis added). Indeed, the Tenth Circuit in

*McGinty*, cited *supra*, found forfeiture was mandatory in light of the subject statute's (18 U.S.C. § 982(a)(2)) language and held the district court erred in its forfeiture ruling by failing to include a money judgment. *See McGinty*, 610 F.3d at 1245-46 ("Congress could not have chosen stronger words to express its intent that forfeiture be mandatory in cases where the statute applied, or broader words to define the scope of what was to be forfeited.") (quoting *United States v. Monsanto*, 491 U.S. 600, 607 (1989)).

Defendants do not contest the accuracy of the government's calculations of the criminal proceeds subject to forfeiture in the form of a money judgment. Based upon its review of the government's submissions, the Court finds that it has established by a preponderance of the evidence that the proceeds derived from Defendant's scheme totaled $160,136.50. Pursuant to the prior amended judgments, the government is directed to submit proposed amended orders of forfeiture reflecting the Court's findings within **ten (10) days** from the date of this Order.

## CONCLUSION

The government's Motion for Amended Orders of Forfeiture [Doc. No. 279] is **GRANTED** as set forth herein.

**IT IS SO ORDERED** this 17th day of January, 2017.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE